282 P.3d 1285

**STATE of Arizona, Appellee,**

v.

**Jeffrey Carl YOUNG, Appellant.**

**No. 1 CA–CR 10–1000.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 7, 2012.

Thomas C. Horne, Arizona Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Aaron J. Moskowitz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Margaret M. Green, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

THOMPSON, Judge.

¶1 Jeffrey Carl Young (defendant) appeals from the sentences imposed after he was convicted of possession of burglary tools and burglary. Defendant contends the sentencing court committed fundamental error by failing to comply with the requirements of Arizona Rule of Criminal Procedure 17 (Rule 17) in accepting his admissions to two prior

historical felony convictions. For the reasons set forth below, we affirm defendant's sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 A grand jury indicted defendant on two counts of possession of burglary tools, both class six felonies, and two counts of burglary in the third degree, both class four felonies.[1] The state alleged defendant had two historical prior felony convictions and that defendant committed the present offenses while on release from confinement. *See* Ariz. Rev. Stat. (A.R.S.) § 13–708(C) (Supp.2011). Following trial, the jury found defendant guilty of all counts.[2]

¶3 Four days later, defendant appeared before the same trial judge and pled guilty in two other matters: CR2010–101366–001 and CR2010–005842–001. In connection with the plea agreement in CR2010–101366, defendant admitted two historical prior felony convictions: (1) possession of burglary tools, a class 6 felony; and (2) possession of marijuana, a class 6 felony. The plea agreement included a stipulation that the trial court would sentence defendant as a repetitive offender to eleven years of incarceration in this case, CR2009–007843, and that the sentence would run concurrently to the same sentence in CR2010–101366.

¶4 Before accepting his plea, the trial court engaged defendant in a lengthy colloquy in which defendant confirmed that he understood that his admission to the two prior felony convictions would allow the trial court to sentence him in CR2009–007843 as a repetitive offender and place him in "the highest sentencing range possible under the law." The court set forth the penalties on the record. The court explained to defendant that he was giving up constitutional rights by pleading guilty, that he had a right to remain silent, a privilege against self-incrimination, and a right to refuse to testify at trial. Defendant verified that he understood he is presumed to be innocent until proven guilty and the state has to prove his guilt to a jury beyond a reasonable doubt. During the court's explanation of defendant's constitutional rights, the following exchange took place:

**THE COURT:** Do you understand that if you are convicted at trial, if at the time of sentencing the State were seeking to increase your sentence above the presumptive sentence, the State would have to give you notice of alleged aggravating circumstances and there would be a second phase to the trial where the State would have to prove those alleged aggravating circumstances to the jury beyond a reasonable doubt. The jury would have to make that finding unanimously, meaning all of the jurors would have to agree before the court could increase your sentence above the presumptive sentence, and that's true for all alleged aggravating circumstances except for prior felony convictions. Those have to be proven to the court and not a jury. Do you understand that?

**THE DEFENDANT:** Yes, Your Honor.

Finally, the court explained that defendant had a right to present evidence, including calling witnesses and testifying himself, and that he had the right to be represented by counsel throughout all phases of a criminal proceeding. Defendant confirmed that he understood all of these rights and that he wanted to give them up in order to enter the guilty pleas. The court found that defendant was entering into the guilty pleas knowingly, intelligently, and voluntarily.

¶5 On November 22, 2010, the trial court held one sentencing hearing to resolve defendant's three cases. Both the state and defense counsel asked the trial court to follow the plea agreement. Pursuant to the plea agreement, the court imposed an aggravated eleven-year prison term in CR2010–101366. In this case, CR2009–007843, the court sentenced defendant to the stipulated aggravated term of 11 years imprisonment for each of

---

1. Because defendant challenges only his sentences, we confine our discussion to the facts and proceedings relevant to that issue.

2. The jury also found the following aggravators: that defendant committed all four felonies in consideration for the receipt of anything of pecuniary value, and that the two third-degree burglaries involved the presence of an accomplice.

the third degree burglary convictions with two historical prior felony convictions, and the presumptive 3.75 years imprisonment for each of the possession of burglary tools convictions with two historical prior felony convictions.[3] All prison sentences were ordered to run concurrently. In CR2010–005842, the court suspended sentencing and ordered defendant to serve three years of probation upon his release from prison.

¶ 6 Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12–120.21 (2003).

## DISCUSSION

¶ 7 Defendant asserts that the trial court erred by failing to conduct a proper colloquy before finding a waiver of his trial rights, pursuant to Arizona Rule of Criminal Procedure 17, to challenge the existence of his priors and sentencing him as a repetitive offender. Because defendant failed to object, our review is for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Defendant must first prove that an error occurred, and second that the error was fundamental and caused him prejudice. *Id.* at ¶ 20. An error is considered fundamental when it is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* at ¶ 19 (citation omitted).

¶ 8 Under Rule 17.6, "[w]henever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand." Thus, Rule 17.6 establishes a colloquy requirement prior to the court accepting a defendant's admission of a prior conviction. Without a colloquy, there is no assurance that the admission was made voluntarily and intelligently in preservation of the defendant's due process rights. *State v. Morales*, 215 Ariz. 59, 61, ¶ 8, 157 P.3d 479,

481 (2007); *see Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Before a trial court may accept a defendant's admission to a prior conviction, it "must advise the defendant of the nature of the allegation, the effect of admitting the allegation on the defendant's sentence, and the defendant's right to proceed to trial and require the State to prove the allegation." *State v. Anderson*, 199 Ariz. 187, 194, ¶ 36, 16 P.3d 214, 221 (App.2000); *see* Ariz. R.Crim. P. 17.2, 17.3, 17.6.

¶ 9 Defendant concedes that the trial court advised him of the effect his admission would have on the present case, but argues that at no time was he advised of the constitutional rights he gave up in regard to his prior felony convictions. Specifically, defendant contends that he was not advised that he had a right to a trial on the prior felony convictions and was not asked whether he "wanted to give up the right to trial on the priors, his right to counsel and his right to plead not guilty." However, on the record before us we do not find error, let alone fundamental error.

¶ 10 Defendant entered into the plea agreements in order to avoid the possibility of receiving sentences amounting to sixty-five years in prison. The trial court took defendant through an extensive colloquy in order to ensure defendant was aware of his rights and the consequences of entering into such agreements. Defendant first argues that he was never advised that he had a right to a trial on the prior felony convictions. However, the record shows the court explained that prior felony convictions had to be proven to the court. Defendant stated that he understood this. The court also explained to defendant that he had the right to remain silent, the privilege against self-incrimination, and the right to be represented by counsel throughout all phases of a criminal proceeding. Defendant again affirmed that he understood his rights. After explaining all of defendant's constitutional rights, the court asked if he wanted to give up those rights and defendant answered in the affir-

---

**3.** In accordance with the plea agreement, the state moved to dismiss the allegation of the other

priors and that defendant was on parole.

mative. Consequently, we find no error because the record establishes that defendant was advised of each of the rights he now complains were not described to him and that he made a knowing, voluntary, and intelligent waiver of those rights.

¶ 11 Moreover, even if there were error, there was no prejudice to defendant. An inadequate colloquy does not automatically invoke resentencing of the defendant. *State v. Carter*, 216 Ariz. 286, 290, ¶ 18, 165 P.3d 687, 691 (App.2007). Defendant bears the burden of persuasion in showing that the error caused him prejudice, that he "would not have admitted the fact of the prior conviction had the colloquy been given." *Morales*, 215 Ariz. at 61–62, ¶¶ 10–11, 157 P.3d at 481–82; *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607. Defendant does not allege that he would not have admitted the fact of the prior convictions had a different colloquy occurred. When the defendant's prior convictions are not in the record on appeal,[4] remanding to the trial court is the appropriate remedy because "evidence of the necessary prejudice, i.e., that the defendant would not have stipulated to the prior conviction had the proper colloquy taken place, by nature is not usually to be found in the record on appeal." *Carter*, 216 Ariz. at 291, ¶ 23, 165 P.3d at 692. We conclude, however, that the defendant must, at the very least, assert on appeal that he would not have admitted

the prior felony convictions had a different colloquy taken place. In this case, defendant negotiated a specific sentence and was given the benefit of his bargain exactly. Furthermore, defendant does not suggest that he was not convicted of the felonies at issue or that the state would have been unable to produce the needed documentary evidence of his prior convictions if he had refused to stipulate. *State v. Miller*, 215 Ariz. 40, 44, ¶ 13, 156 P.3d 1145, 1149 (App.2007); *see State v. Richards*, 166 Ariz. 576, 579 n. 1, 804 P.2d 109, 112 n. 1 (App.1990) (on remand, court can consider new evidence in resentencing hearing). Thus, defendant has not shown any prejudice from any claimed error.

### CONCLUSION

¶ 12 For the foregoing reasons, we affirm defendant's sentences.

CONCURRING: PETER B. SWANN, Presiding Judge, and MICHAEL J. BROWN, Judge.

---

4. Here, defendant's priors *are* listed in the presentence report filed under CR2010–005842–001. *See Morales*, 215 Ariz. at 62, ¶ 13, 157 P.3d at

482 (where evidence conclusively proving the prior convictions is already in the record there would be no point in remanding for a hearing).