NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ROBEN MEKHAIL, *Appellant.*

No. 1 CA-CR 13-0457
FILED 04/15/2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-162490-002
The Honorable Karen L. O'Connor, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Airzona Attorney General's Office, Phoenix
By David A. Simpson
*Counsel for Appellee*

Maricopa County Office of the Legal Defender, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Kent E. Cattani joined.

---

**G E M M I L L,** Judge:

**¶1**         Roben Mekhail appeals his convictions and sentences for possession or use of dangerous drugs, a class four felony, possession or use of narcotic drugs, a class four felony, and possession of drug paraphernalia, a class six felony.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033.  Mekhail's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Mekhail was afforded the opportunity to file a *pro se* supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We ordered and received supplemental briefing on a sentencing issue.  After a review of the record and the briefing, we affirm Mekhail's convictions and sentences except that we vacate the portion of the sentencing order requiring Mekhail to pay for DNA testing.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         We view the facts and all reasonable inferences therefrom in the light most favorable to upholding the jury's verdicts.  *State v. Powers*, 200 Ariz. 123, 124, ¶ 2, 23 P.3d 668, 669 (App. 2001).  With this standard in mind, the following evidence was admitted.

**¶3**         In May 2013, Roben Mekhail was convicted by a jury of possession or use of dangerous drugs, possession or use of narcotic drugs, and possession of drug paraphernalia.  During trial, the State presented evidence that on December 9, 2012, Officer Whitlock observed a vehicle in a parking lot on the northwest corner of 19th Avenue and Camelback Road.  Officer Whitlock testified that when he pulled up behind the vehicle and began to run a records and license plate check, he observed an unknown male speaking to the driver of the vehicle walk away at a fast pace.  The officer then followed the vehicle as it turned out onto the road and immediately back into another parking lot.  After calling for

2

additional units, Officer Whitlock approached the vehicle and asked Mekhail, the driver of the vehicle, for his driver's license. Shortly thereafter Officer Godbehere arrived and, after obtaining consent from Mekhail, performed a pat down search. Mekhail was then placed under arrest for driving on a suspended license, and Officer Whitlock conducted a search incident to arrest. While searching Mekhail's jacket pocket, Officer Whitlock found three clear plastic baggies, two of which contained a white crystal-like substance and the third a white powdery substance. Officer Whitlock placed the baggies into a property bag and placed the bag in his patrol vehicle. He transferred the bag to the Mountain View Precinct for testing.

¶4             Megan Helie, a forensic scientist at the Phoenix Police Department Crime Laboratory performed various tests on the substances in the baggies and identified the substances as methamphetamine and cocaine, both in usable condition and quantity. At trial, Helie testified regarding the testing conducted, and she also explained that cocaine is a narcotic drug and that methamphetamine is a dangerous drug.

¶5             Mekhail testified and denied having methamphetamines or cocaine, claiming instead that he had a legal substance called Potpourri, as well as a black metal pipe used to smoke the Potpourri. After one day of testimony and argument, the jury found Mekhail guilty on all counts.

¶6             At sentencing, Mekhail's parole officer, Deborah Kurth, testified that Mekhail was on felony probation at the time of the instant offenses, which the court adopted as a finding. The court also found, based on Mekhail's testimony at trial, that he had a prior felony conviction.

¶7             After considering the evidence and information presented, including a statement from Mekhail and letters from his family, the court sentenced him to the presumptive term of four and a half years for possession of a dangerous drug, the presumptive term of four and a half years for possession of a narcotic drug, and one and three quarters of a year for possession of drug paraphernalia, all to be served concurrently, with 124 days of presentence incarceration credit for each offense, a term of community supervision, and aggregate fines of $3,000. The court also ordered Mekhail to submit to DNA testing and to pay for the cost of testing in accordance with A.R.S. § 13-610.

¶8             After reviewing the record, this court ordered supplemental

3

briefing on the issue of whether the trial court committed fundamental, prejudicial error by determining if Mekhail was on probation at the time of these offenses instead of submitting that issue to a jury. Mekhail argues that the trial court erred fundamentally and that the error was prejudicial and reversible. The State argues that no error was committed or, alternatively, that Mekhail was not prejudiced by any such error. We agree with Mekhail that the court erred, but we do not agree that Mekhail has demonstrated the error was prejudicial.

## ANALYSIS

### Determination of Mekhail's Probation Status

¶9        The trial court's determination that Mekhail was released on probation when he committed the current offenses increased the minimum sentences allowed. *See* A.R.S. § 13-708(C). Because there was no objection at the time, we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-22, 115 P.3d 601, 607-08 (2005). The United States Supreme Court has held that any fact that increases the mandatory minimum sentence is an element that must be submitted to a jury and found beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013); *see also State v. Large*, 1 CA-CR 13-0115, 2014 WL 1226731, at *1, ¶ 1 (Ariz. App. Mar. 25, 2014) (applying *Alleyne* in Arizona). Because a finding of probation status increases a minimum sentence, it must be submitted to the jury and found beyond a reasonable doubt. *See State v. Gross*, 201 Ariz. 41, 45, ¶ 19, 31 P.3d 815, 819 (App. 2001) (holding that a defendant's release status must be determined by a jury), *Large*, 1 CA-CR 13-0115, 2014 WL 1226731, at *4, ¶ 16, (extending *Gross* to a defendant's parole or release status when it will expose him to a higher mandatory minimum sentence). The trial court did not submit Mekhail's probation status to the jury and therefore erred.

¶10        To obtain relief based on fundamental error, a defendant must show not only error, but that the error prejudiced his case. *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607. We conclude that Mekhail was not prejudiced for the following reasons: Mekhail testified during the trial that he was on probation[1]; Mekhail's probation officer testified at sentencing as to Mekhail's probation status; a Probation

---

[1] Appellant argues that if he had been aware of the requirement that a jury determine his probation status for sentencing purposes, he could have elected not to volunteer his probationary status at trial.

Violation Report detailing Mekhail's probation status was filed prior to sentencing, as part of the presentence report; and Mekhail had a chance to review and object to any portions of the presentence report, prior to the sentencing. Additionally, Mekhail does not even argue that he was not released on probation at the time of the offenses. *Cf. State v. Young*, 230 Ariz. 265, 269, ¶ 11, 282 P.3d 1285, 1289 (App. 2012) (declaring, in the context of the adequacy of a colloquy regarding prior convictions, that "the defendant must, at the very least, assert on appeal that he would not have admitted the prior felony convictions had a different colloquy taken place."). Because Mekhail does not establish prejudice from the court's finding of probation status, he has not established fundamental, prejudicial error.

**Payment for DNA Testing**

¶11        Arizona authorizes the department of corrections to "secure a sufficient sample of blood or other bodily substances for [DNA] testing." A.R.S. § 13-610(A). This court has held that A.R.S. § 13-610 does not, however, authorize the court to require the defendant to pay for such testing. *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013). Therefore, we vacate the portion of the sentencing order requiring Mekhail to pay the cost of DNA testing.

**ANDERS ANALYSIS**

¶12        Having examined the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, we find none. The evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, Mekhail was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶13        Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Mekhail of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Mekhail has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶14 Mekhail's convictions and sentences are affirmed, except that we vacate that portion of the sentencing order requiring Mekhail to pay the cost of his DNA testing.



Ruth A. Willingham · Clerk of the Court
FILED: gsh