NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDWARD FRANK SALINAS, *Appellant.*

No. 1 CA-CR 13-0861
FILED 9-13-2016

Appeal from the Superior Court in Maricopa County
No. CR2006-153905-001
The Honorable Phemonia L. Miller, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

Edward Frank Salinas, Tucson
*Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Patricia A. Orozco joined.

---

**C A T T A N I**, Judge:

¶1        Edward Frank Salinas appeals his convictions and sentences for four counts of aggravated driving under the influence ("DUI"), all of which arose from a single incident in August 2006. Salinas's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

¶2        Salinas filed a *pro se* supplemental brief in which he argues that the State's extension of a plea offer with an expiration date violated his constitutional rights because it did not allow defense counsel adequate time to investigate and consider the offer before advising him. Additionally, we ordered *Penson*[1] briefing to address whether the court erred by failing to conduct an adequate colloquy under Arizona Rule of Criminal Procedure 17.6 at sentencing before accepting Salinas's stipulation to two prior felony convictions, which the court used to enhance Salinas's sentences.

¶3        For reasons that follow, we affirm Salinas's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶4        In late August 2006, a Phoenix Police officer observed Salinas drive rapidly into a gas station parking lot, get out of the vehicle, walk around to the passenger-side door, and begin to urinate. When the officer approached Salinas and frisked him for weapons, the officer noticed that Salinas was swaying in a circular motion, smelled of alcohol, had slurred speech, and had red, watery, bloodshot eyes. When asked, Salinas told the officer that he had been drinking and "was sorry." After being arrested for public urination, Salinas consented to a breath test, which showed he had a

---

[1]        *Penson v. Ohio*, 488 U.S. 75 (1988).

blood alcohol concentration ("BAC") of 0.108 at 10:14 p.m. and 0.106 at 10:21 p.m.  The State charged Salinas with four counts of aggravated DUI: driving while impaired with a suspended license, driving while impaired with two prior DUI convictions within the preceding 60 months, driving with a BAC of 0.08 or more with a suspended license, and driving with a BAC of 0.08 or more with two prior DUI convictions within the preceding 60 months.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 28-1381(A)(1), (2), -1383(A)(1), (2) (2006).

¶5        Before trial, Salinas filed a motion to suppress the breath test results, but after conducting an evidentiary hearing, the superior court denied the motion.  Salinas attended the first portion of the suppression hearing, but he failed to return after a recess.  The court concluded the hearing and later proceeded with trial in absentia, finding that Salinas had received notice that trial would go forward without him should he fail to appear.  At trial, in addition to the facts described above, the State presented evidence that at the time of the offense, Salinas's driver license had been suspended and revoked for "two or more violations of driving while under the influence of liquor or drugs within a 60-month period."  The jury convicted Salinas as charged.

¶6        Salinas was later arrested, and the matter was set for sentencing.  At the beginning of the sentencing hearing, Salinas (through counsel) and the State stipulated that he had two prior felony convictions: (1) aggravated assault, a class 3 felony, committed on December 10, 1993 (CR94-90421) and (2) possession of marijuana, a class 6 felony, committed on November 26, 2003 (CR2003-025793).  Salinas's counsel asked the court to confirm that the aggravated assault committed in 1993 would "still fall within the 10 years" necessary to qualify as a historical prior felony conviction, and counsel noted that "[t]here was another prior that could have been used."

¶7        At the prosecutor's request, the court asked Salinas to orally confirm each of the two prior convictions, and Salinas did so.  The court did not, however, conduct a colloquy with Salinas describing the sentencing consequences of stipulating to the existence of prior convictions or informing him of the rights he was waiving by admitting the convictions. *See* Ariz. R. Crim. P. 17.6; *see also* Ariz. R. Crim. P. 17.2, 17.3.  And although the State apparently marked as exhibits certain documents relevant to the convictions, including certified copies of records from the prior cases, the State did not offer the documents in evidence.

¶8            Based on the parties' stipulation, the court found Salinas had two prior convictions. The court sentenced Salinas as a repetitive offender with two historical prior felony convictions under A.R.S. § 13-604(C) (2006) to concurrent, mitigated terms of 8 years' imprisonment for each count, with credit for 212 days of presentence incarceration. Salinas timely appealed.

## DISCUSSION

### I.       Stipulation to Prior Convictions.

¶9            We ordered *Penson* briefing to address whether Salinas's stipulation to two prior felony convictions without a Rule 17.6 colloquy was sufficient to support his enhanced sentences. Because Salinas did not raise this issue before the superior court, we review for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005).

¶10           Rule 17.6 allows a defendant to admit the existence of a prior conviction. Unless the defendant does so while testifying, the court must conduct a plea-type colloquy to ensure the admission is made voluntarily and with knowledge of the rights being waived. Ariz. R. Crim. P. 17.6, 17.2; *State v. Morales*, 215 Ariz. 59, 61, ¶¶ 7–8 (2007). The colloquy requirement "applies equally to an admission by a defendant and a stipulation by defense counsel to the existence of a prior conviction." *Morales*, 215 Ariz. at 61, ¶ 9.

¶11           Although failure to conduct a Rule 17.6 colloquy is fundamental error, it does not require resentencing if the defendant does not or cannot show prejudice. *Id.* at 61–62, ¶¶ 10–11. If the record includes evidence sufficient to conclusively show the existence of the prior convictions, remand is not necessary. *Id.* at 62, ¶ 13 (previously admitted copies of the prior convictions, the authenticity of which the defendant did not challenge, "conclusively prov[ed]" the prior convictions, rendering remand for further evidentiary hearing unnecessary). Moreover, the defendant "must, at the very least, assert on appeal that he would not have admitted the prior felony convictions had a different colloquy taken place." *State v. Young*, 230 Ariz. 265, 269, ¶ 11 (App. 2012) (citing *Morales*, 215 Ariz. at 61–62, ¶¶ 10–11).

¶12           Here, Salinas stipulated to two prior convictions through counsel and confirmed the details of the convictions when asked directly by the court. The court did not, however, inform Salinas of his rights or of the consequences of stipulating to the existence of the prior convictions as required under Rule 17.6. *See also* Ariz. R. Crim. P. 17.2. Nevertheless, the

lack of a Rule 17.6 colloquy does not establish a basis for relief in this case because Salinas has never asserted that he would not have admitted the fact of the prior conviction had the colloquy been complete, or that the State would have been unable to produce the needed documentary evidence of his prior convictions if he had declined to stipulate. *See Young*, 230 Ariz. at 269, ¶ 11; *see also Morales*, 215 Ariz. at 62, ¶ 11. Thus, a remand to determine the existence of the prior convictions is not required.

¶13　　　　Both of Salinas's stipulated prior convictions must also properly be classified as historical prior felony convictions to support the sentences imposed. *See* A.R.S. § 13-604(C) (2006) (enhanced sentencing range for class 4 felonies with two or more historical prior felony convictions). A prior class 3 felony must have been committed within 10 years immediately preceding the present offense (excluding any time spent incarcerated) to qualify as a historical prior felony conviction. *See* A.R.S. § 13-105(22)(b).

¶14　　　　Here, the aggravated assault conviction (class 3 felony) to which Salinas stipulated was committed in December 1993, more than 10 years before the August 2006 DUI offenses in this case. Salinas stipulated to the existence of this prior conviction but not to its potential classification as a historical prior felony conviction, and there is no documentary evidence in the record corroborating the time Salinas spent incarcerated after committing the aggravated assault. Nevertheless, in discussing the stipulation, the prosecutor noted that the aggravated assault carried a 3.75-year sentence (although he did not specify the amount of time actually served), and Salinas's counsel also stated that "[t]here was another prior that could have been used." Based on these statements to the superior court and in light of Salinas's failure to assert on appeal that the aggravated assault should not have been classified as a historical prior felony conviction, Salinas has not shown reversible sentencing error.

## II.　　Expiring Plea Offer.

¶15　　　　In his *pro se* supplemental brief, Salinas argues that his convictions are invalid because the State extended a plea offer with an expiration date, which did not give defense counsel adequate opportunity to investigate and advise Salinas whether to accept the offer. Although Salinas phrases his argument in terms of the prosecutor's actions, the argument in essence alleges that defense counsel was ineffective because he was denied adequate opportunity to investigate the case. A claim for ineffective assistance of counsel may not be raised on direct appeal and instead must be brought in a Rule 32 proceeding for post-conviction relief.

*State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007); *see also State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). We therefore do not address this argument.

## III.    Fundamental Error Review.

**¶16**        Salinas was present and represented by counsel at all stages of the proceedings against him. Salinas was given adequate notice that he would be tried *in absentia* if he failed to appear, and the record reflects that the superior court afforded Salinas all his constitutional and statutory rights, and that (with the exception of the Rule 17.6 colloquy noted above) the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Salinas's sentences fall within the range prescribed by law, and he received all presentence incarceration credit to which he was entitled.

### CONCLUSION

**¶17**        Salinas's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Salinas's representation in this appeal will end after informing Salinas of his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Salinas will be given 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

