NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

NIROBIA GOODE BRACY, *Appellant*.

No. 1 CA-CR 17-0024
FILED 2-6-2018

Appeal from the Superior Court in Maricopa County
No.  CR2013-450758-001
The Honorable Alfred M. Fenzel, Judge, Retired

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Poster Law Firm, PLLC, Phoenix
By Rick Poster
*Counsel for Appellant*

Nirobia Goode Bracy, Globe,
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Chief Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

¶1 Nirobia G. Bracy appeals his conviction and sentence for attempted misconduct involving weapons. Bracy's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal. Bracy was given the opportunity to file a supplemental brief *in propria persona*, and he has done so.

¶2 Our obligation is to review the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Bracy. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Finding no reversible error, we affirm the conviction and sentence, as modified.

**FACTS AND PROCEDURAL BACKGROUND**

¶3 In October 2013, Bracy was charged with misconduct involving weapons, a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3102(A)(4). The following evidence was presented at trial.

¶4 Bracy, a convicted felon who has not had his right to possess a gun restored, entered a gun store along with two women, Kelly Woods and Lorie Cheatham. Unbeknownst to them, Detective Fulton, an off-duty officer, was also in the store that day.

¶5 As reflected in a surveillance video, the store manager removed a handgun from the display case and set it on the counter in front of Bracy and the two women. Bracy picked up a pistol for about 10 seconds and asked Cheatham, "is this the gun?" The manager understood the gun would be for Cheatham, and had her pick it up to ensure it was the right fit. Bracy offered to buy the gun for Cheatham, but the manager informed

Bracy that would be a "straw purchase" and therefore illegal. Bracy, Cheatham, and Woods then left the store, suggesting they would "just go to the bank and get the money."

¶6 While outside the store, Bracy gave Cheatham the money and told her to purchase the gun. Bracy also provided Cheatham with fake identification to complete the sale. The two women re-entered the store, indicating they now had the money to pay for the firearm. Cheatham indicated she wanted to buy the gun and the assistant manager provided her a purchase form. At that point, Detective Fulton notified other officers he believed a "straw buy" was occurring.

¶7 In filling out the purchase form, Woods tried to assist Cheatham even though the assistant manager told Woods several times she was not allowed to help Cheatham fill out the form. Meanwhile, Bracy was still outside the store, using binoculars to look down the street. He eventually re-entered the store holding the binoculars, and used them to look through the store's front windows.

¶8 When Cheatham finished the form, she handed it to the assistant manager, together with the fake identification, which did not match her weight and height. The manager then alerted Detective Fulton that a fake identification card was being used, and Fulton asked the manager to delay the transaction. The manager told Bracy and the two women the sale was delayed and the store would hold the gun until the issue was resolved. The three left the store and were then detained by police. When asked for identification, Cheatham provided the fake identification card.

¶9 At trial, Bracy moved for a judgment of acquittal, arguing the State had failed to present substantial evidence to support a finding of guilt. The superior court denied the motion. Bracy also requested a jury instruction that defined control and moved in limine to exclude evidence that Bracy constructively possessed the gun with the manager of the gun store. The court denied both requests, but granted Bracy's subsequent request to give the jury a lesser-included instruction on attempted misconduct involving weapons.

¶10 The jury found Bracy guilty of attempted misconduct involving weapons. Bracy moved for a new trial but withdrew the motion before sentencing. After Bracy's counsel stipulated to two historical felony convictions, the superior court sentenced Bracy to prison for three years, with 145 days of presentence incarceration credit. Bracy timely appealed.

## DISCUSSION

¶11        In his supplemental brief, Bracy first argues the superior court erred in denying his motion in limine to preclude the State from arguing Bracy was in constructive possession of the handgun together with the store manager.   This issue is irrelevant on appeal, as Bracy was convicted of attempted misconduct involving weapons, meaning the jury never found he was in possession of a firearm.   Bracy similarly argues the court erred as a matter of law by refusing to provide his requested jury instruction on the definition of "control."   Again, we need not address this issue because the question of control of the weapon is unrelated to attempted misconduct involving weapons.

¶12        Bracy next argues the superior court erred by denying his motion in limine to preclude the State from offering testimony concerning straw purchases.  Bracy argued such information violated Arizona Rules of Evidence 401 and 403 because it was speculative and not relevant to whether he possessed a firearm.  "We review a trial court's ruling on a motion in limine for an abuse of discretion." *State v. Gamez*, 227 Ariz. 445, 449, ¶ 25 (App. 2011).  Evidence of an attempted straw purchase was relevant to showBracy's intent to possess a firearm, which was directly related to the lesser-included offense of attempted misconduct involving weapons because it was proof of intent to possess a firearm.  Further, the evidence was neither unfairly prejudicial nor misleading.  Accordingly, the court did not abuse its discretion by denying the motion in limine.

¶13        Bracy also argues the superior court erred by incorrectly stating he was convicted of a class 4 felony instead of a class 5 felony.  A violation of A.R.S. § 13-3102(A)(4) constitutes a class 4 felony.  A.R.S. § 13-3102(M).  Attempt of a class 4 felony, however, is a class 5 felony.  A.R.S. § 13-1001(C)(4).  Thus, we modify Bracy's sentence to reflect that Bracy was convicted of attempted misconduct involving weapons, a class 5 felony. *See* A.R.S. § 13-4037(A).

¶14        Finally, we note that an error occurred when the superior court accepted a stipulation from Bracy's counsel regarding Bracy's historical felony convictions.  When accepting a defendant's stipulation to a prior conviction, the superior court is required to conduct a colloquy to ensure the stipulation is made intelligently and voluntarily. *See* Ariz. R. Crim. P. 17.6; *State v. Young*, 230 Ariz. 265, 268, ¶ 8 (App. 2012).  Here, at the outset of the sentencing hearing the court asked whether the parties were prepared to stipulate that Bracy has two historical felony convictions, as listed in the criminal history.  Bracy's counsel answered affirmatively and

then briefly described the convictions.  The court asked Bracy if he wanted to proceed without a hearing, at which the State would be required to call witnesses to testify that Bracy committed both of the alleged historical felony convictions his counsel referenced.   Bracy confirmed that he was waiving his right to a hearing and the court proceeded with sentencing.

**¶15**        Although the superior court confirmed that Bracy indicated his desire to waive the right to a hearing, the court did not conduct the full colloquy required under Rule 17.2.  However, because Bracy failed to object to the presentence report, which included his criminal history showing both prior historical convictions, he cannot establish prejudice.  *See State v. Gonzales*, 233 Ariz. 455, 458, ¶ 11 (App. 2013) (holding that "an unobjected-to presentence report showing a prior conviction to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes prejudice and a remand under [*State v. Morales*, 215 Ariz. 59 (2007)].").  Thus, no reversible error occurred.

**CONCLUSION**

**¶16**        After a thorough review of the record, except for the sentencing error, *supra* ¶ 13, we find no reversible error.  *Clark*, 196 Ariz. at 541, ¶ 50.  The record reflects Bracy was represented by counsel at all stages of the proceedings against him.  Bracy was present at all critical stages.  The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law.[1]  As far as the record reveals, these proceedings were conducted in compliance with Bracy's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.  Therefore, we affirm Bracy's conviction and the resulting sentence as modified.

**¶17**        Defense counsel's obligations pertaining to Bracy's representation in this appeal have ended.  *See State v. Shattuck*, 140 Ariz. 582, 584 (1984).  Counsel need do no more than inform Bracy of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *Id.* at 584-85.  On the court's own motion, Bracy has 30

---

[1]     The court awarded Bracy 145 days of presentence incarceration credit but he was entitled to only 144 days.  The State did not cross-appeal the court's calculation and thus we have no authority to correct it.  *State v. Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.").

days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Bracy has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA