NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JEFFERY SCOTT TRIMBLE, *Appellant*.

No. 1 CA-CR 18-0048
FILED 1-8-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-106838-001
The Honorable Gregory S. Como, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1 Jeffery Scott Trimble appeals his convictions and sentences for theft of means of transportation and conducting a chop shop. He argues the trial court committed four errors. First, he argues insufficient evidence supported his conviction for theft of means of transportation. Second, Trimble contends the superior court incorrectly sentenced him as a Category 3 repetitive offender because the State failed to prove he had two historical prior felony convictions. Third, he contends the superior court failed to properly credit him with time he had served in custody. Fourth, he asserts that a discrepancy between the court's oral pronouncement of sentence and the sentencing minute entry unlawfully increased his prison term. For the following reasons, we affirm his convictions and modify his sentences.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 During a search of Trimble's property, police officers discovered parts belonging to four stolen vehicles. Trimble was convicted of the above crimes. He was sentenced to 11.5 years' imprisonment for the theft of means of transportation and 13 years' imprisonment for the operation of a chop shop.[2]

---

[1] We view the facts in the light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

[2] Arizona Revised Statutes section 13-4701 defines "Chop shop" as:

> any building, lot or other premises in which one or more persons alters, destroys, disassembles, dismantles, reassembles or stores at least one motor vehicle or watercraft or two or more motor vehicle or watercraft parts from at least one vehicle or watercraft that the person or persons knows

¶3            He timely appealed his convictions and sentences. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

I.      Sufficient evidence supported the conviction for theft of means of transportation.

¶4            Trimble was charged with knowingly controlling J.S.'s 1999 Isuzu Amigo, knowing or having reason to know that it was stolen. At trial, an officer testified that in searching Trimble's property, he found parts to an Isuzu Amigo, and another officer testified the VIN recovered from the Isuzu parts matched the VIN of an Isuzu Amigo that had been reported stolen. Further, J.S. testified he owned a 1999 Isuzu Amigo that had been stolen. Although the make and model year of the vehicle stolen from J.S. matched the make and model year of the parts found on Trimble's property, the State did not present any other evidence to show that the parts found on Trimble's lot came from J.S.'s Isuzu Amigo. Trimble argues insufficient evidence therefore supported the jury's guilty verdict. We review the sufficiency of evidence *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶15 (2011). When reviewing the evidence, the question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶22 (2007) (internal citation and quotations omitted).

¶5            Under the charged statute, the State was required to prove Trimble knowingly controlled "another person's means of transportation knowing or having reason to know that the property is stolen." A.R.S. § 13-1814(A)(5). Although Trimble argues the State was required to prove the stolen Isuzu Amigo parts belonged to J.S., that is not an essential element

were obtained by theft, fraud or conspiracy to defraud with the intent to:
(a) Alter, counterfeit, deface, destroy, disguise, falsify, forge, obliterate or remove the identity of the motor vehicles or motor vehicle parts, including the vehicle identification number for the purpose of misrepresenting or preventing the identification of the motor vehicles or motor vehicle parts.

(b) Sell or dispose of the motor vehicles or motor vehicle parts.

of the offense. The statute does not require the stolen means of transportation to belong to a specific person; it only requires the State to prove Trimble controlled a means of transportation that was stolen.

¶6        Here, sufficient evidence supported the jury's guilty verdict. The officer testified the Isuzu Amigo parts found on Trimble's property had been reported stolen. Trimble admitted that a person named "Shane" brought the parts to his property. Trimble knew Shane stole cars. Based on this evidence, a rational jury could have found Trimble knowingly controlled a stolen vehicle knowing or having reason to know it was stolen.

II.    The superior court did not reversibly err by sentencing Trimble as a Category 3 repetitive offender.

¶7        The State alleged Trimble had at least two historical prior felony convictions. Before enhancing a defendant's sentence with prior convictions, the court must find the defendant committed the prior felonies. *State v. Morales*, 215 Ariz. 59, 61, ¶ 6 (2007). Trimble concedes proof of one historical prior felony, a conspiracy to commit possession of a dangerous drug for sale. He argues the State did not prove the second historical prior felony. Trimble did not object in the superior court to being sentenced as a Category 3 repetitive offender, so we review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018).

¶8        A historical prior felony conviction may be established by a defendant's admission. *Morales*, 215 Ariz. at 61, ¶ 7. If a defendant admits a prior felony conviction, he or she must do so voluntarily and intelligently, *id.* at ¶ 8, which requires the court to "advise the defendant of the nature of the allegation, the effect of admitting the allegation on the defendant's sentence, and the defendant's right to proceed to trial and require the State to prove the allegation," *State v. Young*, 230 Ariz. 265, 268, ¶ 8 (App. 2012) (internal citation and quotations omitted).

¶9        In a separate criminal sentencing in another matter, Trimble pleaded guilty to two felonies committed in 2017. Following the plea colloquy in that separate matter, Trimble admitted a prior felony conviction for aggravated driving under the influence ("DUI"). During the sentencing on the theft and chop shop convictions, the State offered Trimble's admission to the DUI felony as proof that he committed a second historical prior felony. Because Trimble made the admission for purposes of sentencing on the 2017 charges and not on these convictions, he argues his admission to the DUI does not constitute proof of the second prior felony conviction in the instant case.

¶10         Although the State argues the court in this case properly used Trimble's admission to the DUI to enhance his sentences, when Trimble made that admission, he was not informed of its effect on his sentences for the theft and chop shop convictions. The failure to conduct the appropriate colloquy before sentencing Trimble as a Category 3 repetitive offender was error. *Morales*, 215 Ariz. at 61-62, ¶ 10.

¶11         The absence of a formal colloquy, however, does not automatically entitle Trimble to a resentencing; he must first establish prejudice. *Id.* at 62, ¶ 11. Trimble fails to argue how he was prejudiced. Trimble's Category 3 sentence is supported by conclusive evidence. Such evidence included Trimble's own admission, made after an appropriate colloquy, in a hearing in the other matter. Said hearing was conducted at the same time as a scheduling hearing in the instant case. Additionally, the presentence report also established the fact of the prior conviction. Trimble's failure to object to that report waived objections as to its accuracy. *State v. Gonzales*, 233 Ariz. 455, 458, ¶ 11 (App. 2013). In fact, the presentence report stated he had committed four prior felonies. Any third or more prior felony conviction constitutes a historical prior felony. A.R.S. § 13-105(22)(d). Based on this information alone, Trimble had two historical prior felonies and was correctly sentenced as a Category 3 offender. We find no prejudice.

III.    Trimble must receive additional incarceration credit.

¶12         At sentencing, Trimble received 282 days of incarceration credit. Trimble argues he should receive two additional days of incarceration credit. Because he did not object at sentencing, we review for fundamental error. *Escalante*, 245 Ariz. at 138, ¶ 1. A failure to award deserved incarceration credit is fundamental error. *State v. Cofield*, 210 Ariz. 84, 86, ¶10 (App. 2005).

¶13         According to A.R.S. § 13-712(B), a defendant must receive credit for "[a]ll time actually spent in custody[.]" The State concedes that Trimble spent an additional two days in custody not including the 282 days of credit he already received. Therefore, he must receive two additional days of presentence incarceration credit.

IV.    Trimble's prison term must be corrected to reflect the term the court orally pronounced.

¶14         At sentencing, the court ordered Trimble to serve 11.25 years' imprisonment for the theft of means of transportation conviction.

However, the sentencing minute entry states the sentence imposed as 11.5 years' imprisonment.

**¶15** When there is a discrepancy between the oral pronouncement of sentence and the sentencing minute entry, the oral pronouncement controls. *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013). As the State concedes, Trimble's sentence must be modified to 11.25 years' imprisonment for the theft of means of transportation conviction.

## CONCLUSION

**¶16** Trimble's convictions are affirmed as modified. We modify his sentence for the theft of means of transportation to 11.25 years' imprisonment. We modify his presentence incarceration credit from 282 days to 284 days.



AMY M. WOOD • Clerk of the Court
FILED:  AA