NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM EARL WADE, JR., *Petitioner*.

No. 1 CA-CR 23-0421 PRPC

FILED 10-02-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2018-158411-001, CR2018-121601-001
The Honorable Ronee Korbin Steiner, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART;
REMANDED FOR RE-SENTENCING**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Christine Davis
*Counsel for Respondent*

William Earl Wade, Jr., Winslow
*Petitioner Pro Se*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Judge Paul J. McMurdie joined.

---

**B R O W N,** Judge:

¶1        Petitioner William Earl Wade, Jr. seeks review of the superior court's order denying his claims for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure ("Rule") 32. For the following reasons, we grant review, grant relief in part, and remand for re-sentencing.

## BACKGROUND

¶2        In May 2018, police officers arrested Wade after discovering a plastic baggie containing methamphetamine in his pocket while searching him during a non-drug-related investigation. *State v. Wade*, 1 CA-CR 20-0096, 2021 WL 709765, at *1, ¶ 2 (Ariz. App. Feb. 23, 2021) (mem. decision). In December 2018, while on release from that arrest, Wade was arrested after police officers discovered a glass pipe and a baggie containing methamphetamine in his pocket. *State v. Wade*, 1 CA-CR 20-0095, 2021 WL 710187, at *1, ¶ 2 (Ariz. App. Feb. 23, 2021) (mem. decision).

¶3        Following a trial on the May charge, the jury found Wade guilty of possession or use of dangerous drugs, a class 4 felony. *Wade*, 1 CA-CR 20-0096, at *1, ¶ 5. Another trial was held on the December charges, at which Wade testified and admitted to a 2016 felony conviction for possession of marijuana. The jury found Wade guilty of possession or use of dangerous drugs, a class 4 felony, and guilty of possession of drug paraphernalia, a class 6 felony. *Wade*, 1 CA-CR 20-0095, at *1, ¶ 3. The jury also found an aggravating circumstance because the December offenses were committed while Wade was released on his own recognizance after the May arrest. A.R.S. § 13-708(D). The State did not seek to prove any of Wade's other prior convictions.

¶4        The superior court held a joint sentencing hearing for both offenses. Relying on the admitted prior conviction for marijuana possession, the court sentenced Wade as a *category two* repeat offender to four-and-a-half years' imprisonment for the May offense. A.R.S. § 13-703(I). And noting both the marijuana conviction and the conviction for the May

offense, the court sentenced him as a *category three* repeat offender for the December offenses as follows: a "presumptive term of 10 years plus 2 years as a result of his being on release, for a total of 12 years" for possession or use of a dangerous drug and a "presumptive term of 3.7 years plus 2 years as a result of his being on release, total[ing] 5.75 years" for possession or use of drug paraphernalia. The court ordered presentence incarceration credit of 200 days and ordered all sentences to run concurrently. Wade appealed, and this court affirmed but modified his presentence incarceration credit to 202 days. *Wade*, 1 CA-CR 20-0096, at *2, 5, ¶¶6–8, 26; *Wade*, 1 CA-CR 20-0095, at *3, ¶ 16.

**¶5**　　　　In November 2020, Arizona voters passed Proposition 207, which decriminalized possession of small amounts of marijuana, A.R.S. § 36-2852, and provided an avenue for expungement of previous convictions for possession of marijuana, A.R.S. § 36-2862. Wade successfully petitioned to expunge his 2016 conviction for possession of marijuana. In its response to Wade's petition for expungement, the State included a motion requesting the superior court to schedule a re-sentencing hearing if the petition was granted because the marijuana conviction "was used to enhance the sentences in those matters." The court granted the petition for expungement but took no action on the State's motion, explaining that (1) Wade was free to seek PCR relief under Rule 32 but had not done so, and (2) "re[-]sentencing would not change the outcome given, that there are other convictions on which the Court can rely to maintain the same sentence." Wade then filed a motion requesting a re-sentencing hearing, which the court denied on the grounds that such a request must be made through a Rule 32 petition.

**¶6**　　　　In November 2021, Wade filed a *pro per* notice of PCR and petition for PCR, asserting in part that a significant change in the law affected his sentences. *See* Ariz. R. Crim. P. 32.1(g) ("Grounds for relief [include] a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's . . . sentence."). In February 2022, the superior court appointed counsel to represent Wade during the PCR process. Almost one year later, PCR counsel filed a notice of no colorable claims, explaining that even though the marijuana conviction was expunged, it "would still leave [Wade] with three other priors and thus have no effect on [his] sentence." Wade then filed a PCR petition in both cases. He raised several issues, including lack of proof of prior convictions, but did not specifically address expungement. The State argued the petitions were procedurally deficient, urging the court to either return them along with orders outlining the deficiencies, or to summarily dismiss the

petitions. In his reply, Wade asserted that the only aggravating factor at sentencing was his now expunged marijuana conviction.

**¶7**         The superior court denied Wade's claims for PCR and dismissed his petitions. The court acknowledged expungement of the marijuana conviction but reasoned that Wade "has multiple other allegeable prior felony convictions, which could have been alleged and will be alleged and proven if he was to be re[-]sentenced."

**¶8**         Wade timely petitioned this court for review of the denial and dismissal of his claims for PCR. The State did not respond on the merits but instead filed a notice of acknowledgment asserting the petition was "inadequate and did not comply with procedural rules." We have jurisdiction under A.R.S. § 13-4239(C) and Rule 32.16.

## DISCUSSION

**¶9**         Absent an abuse of discretion, we will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). "An abuse of discretion occurs if the PCR court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). Wade has the burden to show the court abused its discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶10**        Wade argues that he is entitled to re-sentencing because "[t]he only prior discussed or used [at his sentencing] was a possession of marijuana charge." We agree.

**¶11**        After Prop 207, "use or possession of marijuana became legal within certain limits, A.R.S. § 36-2852, and prior convictions arising from such use or possession must be vacated and expunged on request and cannot be used as prior convictions, § 36-2862(C)(1)–(2), (E)." *State v. Williams*, 258 Ariz. 53, 57, ¶ 13 (2024). Wade's "enhanced sentence [is] retroactively illegal." *Id.*; *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 14 (2009) ("In those rare cases when a "new rule" of law is announced, Rule 32.1(g) provides a potential avenue for relief.").

**¶12**        The State alleged multiple prior felony convictions, but the superior court expressly relied only on the admitted marijuana conviction to enhance Wade's sentence. And nothing in the record indicates that he knowingly and intelligently admitted his older prior felony convictions. *See State v. Morales*, 215 Ariz. 59, 61, ¶ 8 (2007) (explaining that for the purposes

of sentence enhancement, the court must ensure a defendant makes an admission of prior convictions voluntarily and intelligently).

¶13        Because Wade did not admit to any prior convictions other than his marijuana conviction, the court could not rely on any other prior convictions at sentencing without following the procedure set out in Rule 17. This procedure includes (1) engaging in a plea-type colloquy to confirm Wade would understand the consequences of an admission, *id.* at ¶ 7, and (2) explaining the effect of admitting a prior conviction on Wade's sentence, *State v. Young*, 230 Ariz. 265, 268, ¶ 8 (App. 2012). *See* Ariz. R. Crim P. 17.2., 17.3, 17.4.

¶14        Our review of the record does not reveal the court complied with these procedures for any of Wade's convictions beyond the marijuana conviction (which he admitted while testifying) and the conviction for the May offense (which the court took judicial notice of because the same judicial officer presided over the trial). At sentencing, Wade waived a trial on his prior convictions, but that had no legal effect because he had already admitted the marijuana conviction and nothing in the record shows there was an admission or proof of any other prior conviction. The court stated that Wade "admitted to his prior felonies," but our review of the transcripts reveals only the admission of the marijuana conviction. Furthermore, the minute entry ruling denying Wade's PCR petition states that a trial on the prior convictions "was conducted" but nothing in the record confirms that statement.

¶15        The State must prove the existence of Wade's prior felony convictions to enhance his sentences in the absence of his marijuana conviction. *See State v. Nash*, 143 Ariz. 392, 403 (1985) (holding when the State "alleges a prior conviction, it must prove two facts: (1) that the defendant in the present case and the one convicted in the prior case are the same individual, and (2) that there was in fact a prior conviction"). Because those facts are not present in the record before us, we cannot *sua sponte* replace Wade's marijuana conviction with another one of his alleged prior convictions to satisfy the requirements of A.R.S. § 13-105(22). Thus, the superior court erred in denying Wade's petition.

¶16        In reaching this conclusion, we recognize that Wade should have clearly asserted the relief he was seeking (re-sentencing based on expungement) in the PCR petition he filed after his counsel found there were no colorable claims. But the State was aware of the expungement issue and its potential impact on Wade's sentences and even requested that he be re-sentenced. Moreover, notwithstanding the deficiencies of Wade's

PCR petition, the superior court still addressed the expungement issue, concluding he was not entitled to relief. The State could have addressed the expungement issue Wade has presented in this court, but it filed only the notice of acknowledgement in lieu of a response to his petition for review. Under these unique circumstances, we have addressed the merits of Wade's claim that a significant change in the law affected his sentencing.

**¶17** In his petition for review, Wade summarily references additional issues, such as unlawful arrest, failure to properly provide *Miranda* warnings, lack of field testing or photographs, lack of testimony from the arresting officer, replacement of a juror, and conflict of interest by counsel. Because these issues are either improperly raised under Rule 32, unsupported by record citations, or waived, we do not address them. *See* Ariz. R. Crim. P. 32.1 (proper grounds for relief), 32.7(b) (legal and record citations), 32.2(a)(3) (waiver).

## CONCLUSION

**¶18** We grant review and grant relief in part by vacating the portion of the superior court's order rejecting his claim that he should be re-sentenced based on expungement of his marijuana conviction. We therefore remand for re-sentencing, at which time the State may elect to prove one or more of Wade's prior convictions. We otherwise deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR